# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICCO L. MAYE,

    Defendant.

:

Case No. 2:20-cr-00203(1)
Judge Sarah D. Morrison

## OPINION AND ORDER

In its Third Superseding Indictment, the Government brings multiple counts against Defendant Ricco L. Maye as the alleged leader of a drug and sex trafficking conspiracy. This matter is before the Court on Mr. Maye's pretrial Motion for DNA Testing. (Mot., ECF No. 344.)

For the reasons stated below, the Motion is **DENIED**.

**I.   Background**

Through his Motion, Mr. Maye seeks a Court order to perform DNA testing on evidence—a bag with drug residue—that is in the Government's possession. (Mot. PageID 891.) The bag at issue relates to Count 7 of the Indictment, which charges Mr. Maye with distribution of a controlled substance to M.B., causing M.B.'s death. (ECF No. 211.) Mr. Maye contends that he "has an articulable reasonable suspicion that the drugs were obtained by M.B. from Marquise D. Artis." (Mot. PageID 891–92.) He believes DNA testing of the bag with drug residue seized from the crime scene may prove to be exculpatory. (*Id.*)

The Government's theory of Count 7 is that Mr. Maye was outside the state of Ohio when M.B. contacted him by phone to buy cocaine, and Mr. Maye directed co-defendant Nasuun N. Ford to distribute the requested cocaine. (Resp., ECF No. 351, PageID 913.) The drug distributed contained fentanyl instead, which led to M.B.'s death. (*Id.*) The bag with drug residue was seized by the coroner's office to determine cause of the death, and the Government does not know whether preservation protocols were followed. (*Id.*)

The Government opposes most of Mr. Maye's Motion, but it does not "formally oppose" DNA testing against Mr. Maye's own DNA sample only, with restrictions and parameters. (Resp. PageID 913–14.)

Mr. Maye's Motion can be construed as making various requests. The Court addresses each in turn.

## II. Mr. Maye's request for a Court order requiring the Government to conduct DNA testing for him is denied.

Mr. Maye's Motion is vague as to whom he is suggesting should perform the DNA testing but in the last line, he states that he seeks an order compelling "the Government [to] perform DNA testing of the bag of drugs." (*See* Mot. PageID 893.) The Government opposes such an approach, emphasizing that Mr. Maye offers no authority to support his request and offering that it knows of none. (Resp. PageID 912 n.1.) Mr. Maye did not file a reply brief to obviate the ambiguity in his Motion.

Mr. Maye's request for a Court order requiring the Government to conduct the DNA testing is **DENIED.**

**III. Mr. Maye's request that the Court order the Government to permit his counsel to test the bag is denied.**

Mr. Maye's Motion could also be read as a request that the Government permit his counsel to obtain the bag with drug residue and have it DNA tested. But the Motion is again imprecise as to whether he seeks to test the bag against a sample of his own DNA or Mr. Artis's or both.[1] (*See* Mot. PageID 891 ("The Government collected evidence at the crime scene from Count 7 which may contain DNA from other individuals and be exculpatory to the Defendant. . . . Mr. Maye has an articulable reasonable suspicion that the drugs were obtained by M.B. from Marquise D. Artis."); PageID 893) ("For these reasons, Mr. Maye respectfully requests that this Court order the Government perform DNA testing of the bag of drugs against DNA standards from Marquise D. Artis Ricco Maye [*sic*] in the Government's possession.").) Either way, Mr. Maye has failed to make a *prima facie* showing that testing of the bag is material to the preparation of his defense.

**A. Fed. R. Crim. Pro. 16(a)(1)(F) for Reports of Examinations and Tests**

Federal Rule of Criminal Procedure 16(a)(1)(F), which Mr. Maye cites, does not apply. While that subsection does speak to "tests," it states that upon a defendant's request, it is the Government's obligation to "permit a defendant to inspect or copy . . . the results or reports . . . of any scientific test."[2] But neither the Government

---

[1] The Government asserts that it does not know who Mr. Artis is, argues that Mr. Maye has not established probable cause sufficient to obtain a sample of Mr. Artis's DNA, and objects to a comparison of the DNA in the bag to a sample from Mr. Artis or anyone else proposed by Mr. Maye, other than Mr. Maye himself. (Resp. PageID 913.)

[2] The full text of Rule 16(a)(1)(F) reads:

3

nor Mr. Maye asserts that the Government has done DNA testing on the bag with drug residue. Mr. Maye is not attempting to review test results that already exist; he wants to run tests on the bag *now* (a few months shy of five years after M.B.'s death).

### B. Fed. R. Crim. Pro. 16(a)(1)(E) for Documents and Objects

Mr. Maye also relies on Federal Rule of Criminal Procedure 16(a)(1)(E), which seems to be more applicable to the situation here[3]:

> **Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

---

> **Reports of Examinations and Tests.** Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
> (i) the item is within the government's possession, custody, or control;
> (ii) the attorney for the government knows—or through due diligence could know—that the item exists; and
> (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

[3] The parties cite no authority applying Rule 16(a)(1)(E) to a request by a defendant to run DNA tests on an object in the Government's possession. Still, the definition of "inspect" includes "to examine officially," and the definition of "inspection" includes "a checking or testing of an individual against established standards." *Inspect*, Merriam-Webster Dictionary, https://perma.cc/2GZ5-V68U (last visited August 25, 2023); *Inspection,* Merriam-Webster Dictionary, https://perma.cc/V4BB-KXY9 (last visited August 25, 2023). Thus, Rule 16(a)(1)(E) is drafted broadly enough to encompass the scenario presented here.

The Government does not dispute that the bag with drug residue is within its "possession, custody, or control." But Mr. Maye's arguments addressing prongs (i), (ii), or (iii) of the Rule are sparse and conclusory. Taking the prongs in reverse order, Mr. Maye does not argue that the bag was obtained from him or belongs to him—such facts would harm, not help, his defense. Nor does he assert that the Government intends to use the bag in its case-in-chief.

That leaves prong (i)—whether the bag is "material" to Mr. Maye's preparation of his defense. "[A] defendant has a constitutionally protected privilege to request and obtain from the prosecution evidence that is . . . material to [his or her] guilt." *California v. Trombetta*, 467 U.S. 479, 485 (1984) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). The Sixth Circuit is "of the view that the disclosure required by Rule 16 is much broader than that required by the due process standards of *Brady*." *United States v. Conder*, 423 F.2d 904, 911 (6th Cir. 1970). But this Circuit has also said that "to obtain discovery of the object, the defendant must make a *prima facie* showing of materiality." *United States v. Phillip*, 948 F.2d 241, 250 (6th Cir. 1991); *United States v. McClain*, No. 3:16-CR-00054-JHM, 2017 WL 3710806, at *2 (W.D. Ky. Aug. 28, 2017) (citing *Phillip*).

Mr. Maye has not done so. He argues that he "has an articulable reasonable suspicion that the drugs were obtained by M.B. from Marquise D. Artis" (Mot. PageID 892), but provides no detail about what his suspicion is, who Mr. Artis is, if there is a DNA sample from Mr. Artis for comparison purposes, and how Mr. Artis is or could be connected to M.B. Later in his Motion he contends that he is "entitled to testing because an exclusion or inability to match his DNA would be exculpatory"

5

because the Government "has no eyewitnesses or other physical evidence that connects Mr. Maye to the crime scene." (*Id.*) But the Government's theory of Count 7 is that Mr. Maye, from an out-of-state location, was directing a co-defendant to deliver drugs to M.B., so evidence that Mr. Maye's DNA is not on the bag does not seem to be exculpatory and he provides no arguments to the contrary.

Mr. Maye's request is **DENIED.**

## IV. CONCLUSION

Mr. Maye's Motion is **DENIED.**

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**