## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**      **:**

   **v.**

                                **Case No. 2:20-cr-203(1)**
                                **Chief Judge Sarah D. Morrison**

**RICCO L. MAYE,**          **:**

      **Defendant.**

### ORDER

This matter is before the Court on the Motion in Limine Concerning the Order of Proof Regarding the Admissibility of Co-Conspirator Statements (ECF No. 97) filed by Defendant Ricco Maye. The Government filed a response in opposition (ECF No. 569). Separately, in advance of trial, Mr. Maye submitted Proposed Preliminary Jury Instructions (ECF No. 613) requesting the use of certain instructions as to bias.

For the reasons set forth below, the Court **DENIES** the Motion in Limine (ECF No. 97) and **GRANTS in part** and **DENIES in part** Mr. Maye's request concerning jury instructions (ECF No. 613).

## I.    MOTION IN LIMINE

Among other offenses, the Government has charged Mr. Maye in a series of criminal conspiracies—namely, a drug conspiracy (Count 6), a sex-trafficking conspiracy (Count 11), a wire fraud conspiracy (Count 12), and a witness-tampering

conspiracy (Count 14). (*See* Third Superseding Indictment, ECF No. 211 (redacted) / ECF No. 212 (sealed).) Several of Mr. Maye's co-defendants were also charged in these conspiracies. (*Id.*) The Government represents that evidence of these criminal agreements will come from the testimony of these co-defendants, who have all plead guilty and are likely witnesses at trial. (ECF No. 569, PAGEID # 2598.)

Mr. Maye asks the Court to require the Government to establish the existence and extent of a conspiracy before it seeks to introduce at trial statements relying upon the co-conspirator exception to the hearsay rule. (ECF No. 97, PAGEID # 205); *see* Fed. R. Evid. 801(D)(2)(e). He also seeks a pretrial hearing to determine the existence and scope of the alleged conspiracy and the admissibility of the co-conspirator statements. (*Id.*)

Statements offered by parties to prove the truth of a particular matter are generally excludable as hearsay. Fed. R. Evid. 802. There are, however, a number of exceptions and exclusions to this rule, and, as relevant here, a statement is not considered hearsay if "[t]he statement is offered against an opposing party and … was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). Before a co-conspirator statement may be admitted, the Government must show that (1) a conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the co-conspirator's statement was made in the course and in furtherance of the conspiracy. *United States v. Enright*, 579 F.2d 980, 986, 986 n.7 (6th Cir. 1978); *United States v. Kone*, 307 F.3d 430, 440 (6th Cir. 2002).

Courts employ various methods to determine the admissibility of co-conspirator statements, such as: (1) deciding at trial after the government has established the existence of the conspiracy by a preponderance of the evidence; (2) holding a pre-trial hearing; or (3) conditionally admitting the hearsay statements subject to a later showing of their admissibility. *United States Vinson*, 606 F.2d at 152-53 (6th Cir. 1979); *see also United States v. Montgomery*, 258 F. App'x 622, 626 (6th Cir. 2009) (referring to pre-trial "mini-hearing"). "[A] preference has developed within this [C]ircuit for conditionally admitting the statements subject to the Government meeting its burden of proof at trial." *United States v. Peterson*, No. 20-20448, 2022 WL 3568979, at *1 (E.D. Mich. Aug. 18, 2022) (citing cases).

The Court sees no reason to deviate from this preference. The method of conditionally admitting co-conspirator statements is "firmly entrenched in this circuit's practice." *United States v. Holloway*, 740 F.2d 1373, 1375 n.2 (6th Cir. 1984). Additionally, this case is complex and implicates the participation in multiple conspiracies by multiple co-conspirators. Requiring the parties to litigate these nuanced issues at a pre-trial hearing would constitute an inefficient waste of judicial resources. Instead, the better approach (conditional admittance) allows the Court to rule on Mr. Maye's hearsay objections (if any) at the conclusion of the Government's case and make its formal *Enright* findings consistent with Sixth Circuit precedent.

Accordingly, Mr. Maye's request for a pre-trial hearing and/or an order requiring the Government to prove the conspiracies prior to the use of the co-

conspirator statements is **DENIED**, and any such statements are hereby

**CONDITIONALLY ADMITTED** pending any final determination at trial.

## II.    JURY INSTRUCTIONS

Mr. Maye has expressed concern about jurors "who would reach a verdict in this case based on conscious or unconscious racial bias." (ECF No. 613, PAGEID # 2714.) He asks the Court to preliminarily instruct the jury as to bias and credibility of witnesses using language he proposes. (*Id.*, PAGEID # 2715.) He also requests that the Court either (1) show potential jurors a ten-minute video about unconscious bias prepared by the United States District Court for the Western District of Washington,[1] or (2) include the implicit bias jury instruction used by Judge Sargus[2] during preliminary instructions and following the presentation of evidence by both parties. (*Id.*)

Upon review, the Court **GRANTS** Mr. Maye's request to include language concerning implicit bias in the preliminary and closing jury instructions to be given

---

[1] Available at *https://www.wawd.uscourts.gov/jury/unconscious-bias*.

[2] This instruction states: "Do not decide the case based on 'implicit biases,' which can include factually unsupported assumptions, perceptions, fears, and stereotypes that we may not be aware of. These matters can impact what we see and hear, how we remember what we see and hear, and how we make important decisions. Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and avoid deciding the case based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases. The law demands that you return a just verdict, based solely on the evidence, your individual evaluation of the evidence, your reason and common sense, and these instructions. Our system of justice is counting on you to render a fair decision based on the evidence, not on biases." *See, e.g.*, *United States of America v. Thompson, et al.*, No. 2:21-cr-173, ECF No. 135 (Feb. 27, 2024) (Sargus, J.).

4

in this case. The Court will add Mr. Maye's proposed language (ECF No. 613, PAGEID # 2717) into the preliminary instructions and Judge Sargus's implicit bias language into the closing instructions. The Court **DENIES** Mr. Maye's request to show the video from the Western District of Washington.

## III.   CONCLUSION

Mr. Maye's request for a pre-trial hearing and/or an order requiring the Government to prove the conspiracies prior to the use of the co-conspirator statements (ECF No. 97) is **DENIED**, and any such statements are hereby **CONDITIONALLY ADMITTED** pending any final determination at trial.

The Court **GRANTS** Mr. Maye's request to include language concerning implicit bias in the preliminary and closing jury instructions (ECF No. 613) and **DENIES** his request to show the video from the Western District of Washington.

**IT IS SO ORDERED.**


/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**CHIEF UNITED STATES DISTRICT JUDGE**